**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VINCERX PHARMA, INC.,<br>Plaintiff,<br>vs.<br>YOURWAY TRANSPORT, INC.,<br>Defendant. | C.A. No. 1:23-cv-01453-RGA<br><br>JURY TRIAL DEMANDED |

**VINCERX PHARMA, INC.'S MOTION TO REMAND**

Plaintiff Vincerx Pharma, Inc. ("Vincerx") hereby moves this Court for an order remanding the above-captioned action (the "Action") to the Superior Court of the State of Delaware in Sussex County (the "State Court") pursuant to 28 U.S.C. § 1447(c). As explained below, remand is appropriate because (i) the parties agreed that the courts of the State of Delaware would be the exclusive venue for this dispute; (ii) Yourway has wrongfully removed this Action to this Court for a second time, after it stipulated to remand to State Court to permit Vincerx to amend its complaint in State Court to add the very claims that Yourway now claims justify its second remand, *i.e.*, claims under the Carmack Amendment to the Interstate Commerce Act (the "Carmack Amendment"); and (iii) Yourway's second removal is untimely under 28 U.S.C. § 1446(b). In support of this motion, Vincerx states as follows.

# INTRODUCTION AND BACKGROUND

## I. The Parties' Agreement and its Exclusive State Court Venue Provision.

1. This is an action by Vincerx to recover damages arising from Yourway's failure to properly handle certain research, master, and working cell banks that belonged to Vincerx (the "Cell Banks"). Unfortunately, Yourway's procedural gamesmanship has kept this case in the starting blocks notwithstanding that Yourway filed its complaint over four months ago.

2. Vincerx and Yourway are parties to a Master Services Agreement (the "Agreement").[1] Pursuant to that Agreement, Yourway agreed to provide services related to the packaging, labeling, quality control testing, stability testing, release, storage, and distribution of Vincerx's Cell Banks. *See* Agreement §§ 1, 3. While performing those services, Yourway failed to properly maintain the Cell Banks at the requisite temperature of -196 °C (-320 °F). *See generally* D.I. 1-1 (Compl.) ¶¶ 1-13. That failure destroyed Vincerx's Cell Banks in violation of the terms of the Agreement and applicable law and caused Vincerx significant damages.

3. The Agreement provides that "[a]ny legal action or proceeding concerning…matters arising out of or related to this Agreement or its making, performance or breach, or related matters, will be brought ***exclusively in the courts***

---

[1] A copy of the Agreement is attached hereto as **Exhibit 1**. It is also Exhibit 1 to Vincerx's amended complaint in this action.

***of the State of Delaware***. All parties consent to the exclusive jurisdiction of those courts ***and waive any objection to the propriety or inconvenience of such venues***." Agreement § 13.9 (emphasis added).

**II. Yourway's First Improper Removal and Stipulation to Remand.**

4. On September 6, 2023, Vincerx sued Yourway in the Superior Court of the State of Delaware, Sussex County, for Yourway's breach of the Agreement and related negligence. A true and correct copy of the original complaint (the "Original Complaint"), excluding exhibits, is attached hereto as **Exhibit 2**.

5. On September 16, 2023, Yourway was served with the Original Complaint. A true and correct copy of the affidavit of service in the State Court action, and the exhibits thereto, is attached hereto as **Exhibit 3**.

6. On October 16, 2023, thirty days after it had been served with the Original Complaint, Yourway improperly removed Vincerx's state court complaint to this Court in violation of the Agreement's exclusive venue clause. The case was assigned to Judge Williams as Case No. 1:23-cv-01164-GBW (the "First Removal Action"). A true and correct copy of Yourway's Notice of Removal in the First Removal Action (the "First Notice of Removal") is attached hereto as **Exhibit 4**.

7. On November 2, 2023, Vincerx timely filed a motion to remand in the First Removal Action. In response, Yourway contacted Vincerx to discuss the possibility of stipulating to remand. Yourway also asked that Vincerx extend

indefinitely its deadline to respond to the motion to remand. Vincerx responded the same day, explaining that it could only provide an extension if Yourway stated its position on the motion for remand, and offered to meet and confer the following day. Yourway did not respond for nearly two weeks. A true and correct copy of the correspondence (the "Stipulation Emails") is attached hereto as **Exhibit 5**.

8. On November 15, 2023, the day before Yourway's response to the motion to remand was due, Yourway told Vincerx that it would raise defenses under the Carmack Amendment in response to the motion to remand, contending that its purported defense raised a "federal question." Ex. 5 pp. 1-2.

9. Later on November 15, Vincerx responded that it appreciated Yourway's explanation that its argument for removal was based on the Carmack Amendment. Vincerx noted that Carmack Amendment claims can be brought in State Court pursuant to the statute. 49 U.S.C. § 14706(d). Accordingly, Vincerx proposed that "if [Yourway is] willing to stipulate to remand to the State Court now, [Vincerx] would agree to amend [its] Complaint to add an alternative claim under the Carmack amendment" to be prosecuted in State Court. *Id.* at p. 2. Vincerx also stated that as part of this stipulated remand, it would "waive [its] request for fees and costs related to the remand." *Id.*

10. The next day, Yourway stipulated to remand the Action to the State Court. *Id.* at p. 1. Judge Williams entered a stipulated order remanding the Action

to the State Court on November 17, 2023. A true and correct copy of the stipulation and the Court's order remanding the Action to the State Court (the "Stipulation and Remand Order") is attached hereto as **Exhibit 6**.

## III. The Parties Stipulate to Allow Vincerx to Amend its Complaint in State Court to Add a Carmack Amendment Claim in the Alternative.

11. Back in State Court, Vincerx provided a copy of its proposed amended complaint to Yourway, along with a proposed stipulation to file the amended complaint in the State Court. Consistent with the Stipulation Emails that led to the first remand, Vincerx's proposed amended complaint added a count under the Carmack Amendment in the alternative to Vincerx's state law claims, and in the event that the State Court determined that Vincerx's state-law claims were preempted (the "Amended Complaint"). Over a week later, on December 5, 2023, Yourway provided comments to the stipulation and agreed to a form of stipulation for Vincerx to file the Amended Complaint.

12. The parties filed the stipulation to permit Vincerx to file the Amended Complaint adding the Carmack Amendment claim in State Court on December 5. The stipulation provided, among other things, that "[Yourway] consents to Plaintiff's amendment to the Complaint" and that "[Yourway] shall plead in response to the amended complaint in accordance with [Delaware Superior Court Civil] Rule 15." A true and correct copy of the *Stipulation and Proposed Order Governing Amendment of the Complaint* is attached hereto as **Exhibit 7**.

13. On December 12, 2023, the State Court entered the order approving the stipulation and Vincerx filed and served the Amended Complaint on Yourway the same day (*See* D.I. 1-1). A true and correct copy of the redline of the Amended Complaint against the Original Complaint is attached hereto as **Exhibit 8**.

## IV. Yourway Improperly Removes the Action a Second Time, Commencing this Action in Violation of the Agreement and the Parties' Stipulation.

14. On December 21, 2023, rather than respond to the Amended Complaint as it had agreed, Yourway removed Vincerx's Amended Complaint to this Court (the "Second Removal"). The Second Removal is not only in violation of the Agreement's exclusive venue clause (like the First Removal), but also is contrary to Yourway stipulation to remand the action to the State Court.

15. The Second Notice of Removal falsely states that Yourway "became aware of Plaintiff's intent to bring a claim under the Carmack Amendment and, by extension the existence of a federal question, upon Plaintiff's forwarding a proposed Amended Complaint on November 27, 2023." *See* (D.I. 1) (the "Second Notice of Removal"). That is demonstrably incorrect. Yourway became aware of Plaintiff's intent to bring a claim under the Carmack Amendment by November 15 in connection with the parties' stipulation to remand the first time. *See* Ex. 5 at p. 2. Moreover, the facts Yourway relies upon for removal are present in the Original Complaint: the current Second Notice of Removal recites the same alleged facts as

the First Notice of Removal. *Compare* Ex. 4 (First Notice of Removal) ¶ 4, *with* D.I. 1 ¶ 4.

## RELIEF REQUESTED

16. By this motion, Vincerx requests that the Court enter an order, substantially in the form submitted herewith, remanding this action to the Superior Court. This relief is (i) required by the Agreement's exclusive venue provision, (ii) in accordance with the Stipulation and Remand Order and principles of equitable estoppel, and (iii) appropriate because the second removal was untimely. Vincerx also asks that the Court award Vincerx its reasonable attorneys' fees and costs associated with this Motion and the First Removal Action.

## BASIS FOR RELIEF

17. This Court consistently remands cases to state court where the parties agreed that the state court would be the exclusive forum for the dispute, or where the defendant waived its right to remove to federal court. *See, e.g.*, 28 U.S.C. § 1447(c); *New Jersey v. Merrill Lynch & Co.*, 640 F.3d 545 (3d Cir. 2011); *Karch v. C&D Techs., Inc.*, 2023 WL 4456773 (D. Del. July 11, 2023); *Presidio, Inc. v. Closson*, 2022 WL 17846561 (D. Del. Dec. 22, 2022); *Tkach v. RumbleOn, Inc.*, 2022 WL 4378826 (D. Del. Sept. 22, 2022).

18. Yourway bears the burden to establish the appropriateness and the timeliness of removal. *See Steel Valley Auth. v. Union Switch & Signal Div.*, 809

F.2d 1006, 1010 (3d Cir. 1987) ("It remains the defendant's burden to show the existence and continuance of federal jurisdiction."); *Mims v. Foster Wheeler Energy Corp.* [hereinafter "*Mims II*"], 2013 WL 6571816, at *1 (D. Del. Dec. 12, 2013) ("It is defendant's burden to establish the timeliness of removal."). If there is any doubt as to whether removal was proper, then remand is appropriate. *See, e.g.*, *Carlyle Investment Mgmt., LLC v. Carlyle Capital Corp.*, 800 F. Supp. 2d 639, 644 (D. Del. 2011); *see also Karch*, 2023 WL 4456773, at *1 ("Removal provisions 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" (quoting *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990))); *see also Tkach*, 2022 WL 4378826, at *1 (same).

## I. The Agreement's Venue Provision Designates Delaware State Courts as the Exclusive Venue for this Litigation.

19. The Agreement's exclusive venue provision requires remand to the State Court. When construing a forum selection clause, the Court "must look to the 'plain and ordinary meaning' of the clause's language to determine whether it amounts to a waiver of the right to remove." *Karch*, 2023 WL 4456773, at *1 (quoting *New Jersey*, 640 F.3d at 548). A party like Yourway seeking to avoid a forum selection clause bears a "high" burden. *Karch*, 2023 WL 4456773, at *1. Moreover, "a strong presumption exists in enforcing a forum selection clause." *Carlyle Investment Mgmt., LLC*, 800 F. Supp. 2d at 644.

20. Yourway unambiguously agreed that any legal action arising out of or related to the Agreement "will be brought ***exclusively in the courts of the State of Delaware***," and Yourway "waive[d] any objection" to the venue of such courts. Agreement § 13.9 (emphasis added). The Agreement does not mention this Court. Nor does it reference courts "in" the State of Delaware. Only "courts *of* the State of Delaware" satisfy the Agreement's venue provision. *Id.* (emphasis added).

21. The Third Circuit has construed similar venue provisions to bar removal. *New Jersey*, 640 F.3d 545. In *New Jersey*, the parties' contract provided that '"exclusive jurisdiction…shall lie in the appropriate courts of the State [of] New Jersey.'" *Id.* at 546 (quoting the agreement). The defendant removed the action to federal court, arguing that the reference to "court*s*" (plural) meant federal and state courts, and that the phrase "courts *of* the State" of New Jersey meant courts geographically located *in* the State of New Jersey, rather than as signifying "the governmental entity from which [the courts] derive their authority." *Id.* at 548 (emphasis added). The Third Circuit rejected both arguments and affirmed remand. It explained, "[t]he use of the plural 'courts' is best read as a vestigial reference to the many tribunals comprising the Superior Court of New Jersey, not the federal district courts in the state." *Id.* Here, the language of the Agreement is even more clear than in *New Jersey* given that Delaware has multiple courts, including the Superior Court and the Chancery Court.

22. The Third Circuit also explained that the plain and ordinary meaning of the phrase "courts *of* the State" refers to "sovereignty, limiting jurisdiction…to the state courts of the named state." *Id.* at 549. "The Fifth Circuit put it more pithily: 'Federal district courts may be *in* a state, but they are not *of* that state.'" *Id.* (cleaned up) (quoting *Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir. 2003)).

23. Beyond the Third Circuit, the "vast majority" of other circuit courts "have held that forum selection clauses like the one at issue here required remand to the state court." *Id.* (collecting authorities). This Court has followed suit since *New Jersey*. *See Motiva Enters. LLC v. SR Int'l Bus. Ins. Co.*, 2013 WL 3571538, at *3 (D. Del. July 12, 2013) (finding that clause providing for "exclusive jurisdiction of the courts…of the State of Delaware" "may only reasonably be read to refer to the Delaware state courts, including the Superior Court and Chancery Court").

24. Based on these authorities, the plain and ordinary language of the Agreement's venue provision—which mandates that suits related to the Agreement "be brought exclusively in the courts *of* the State of Delaware"—precludes Yourway's ability to remove the Action. Yourway's first removal was improper for this reason, and its second removal is improper for this reason and more.

## II. Yourway Waived its Right to Remove this Action.

25. The Agreement's exclusive venue clause also represents a clear waiver of Yourway's right to remove this action from state court. *See, e.g.*, *Presidio*, 2022

WL 17846561, at *1-2. The parties selected Delaware state courts as the exclusive venue for any legal action related to the Agreement, and Yourway "***waive[d] any objection*** to the propriety or convenience of such venues." Agreement § 13.9 (emphasis added).

26. In *Presidio*, the Court interpreted language similar to the Agreement's exclusive venue provision to be an "unambiguous waiver of the right to challenge a party's selection" of a contractually appropriate court. *Presidio*, 2022 WL 17846561, at *1. The forum selection clause in *Presidio* provided that each party "expressly waives any and all objections it may have to venue…in any of such courts." *Id.* This language is functionally identical to the language in the Agreement and the same result should follow—remand to state court. *See id.*; *see also Karch*, 2023 WL 4456773, at *3 (finding waiver, ordering remand); *Tkach*, 2022 WL 4378826, at *3 (finding waiver, ordering remand); *Motiva Enters.*, 2013 WL 3571538, at *5 (finding waiver, ordering remand); *Carlyle Investment Mgmt.*, 800 F. Supp. 2d at 645 (finding waiver, ordering remand).

27. Moreover, Yourway stipulated to remand the Action to the State Court following the First Removal (Ex. 6), and further agreed that it "***shall plead*** in response to the amended complaint." Ex. 7 (emphasis added). But instead, Yourway filed the Second Removal Notice based on the same alleged facts as the First

Removal Notice. The Court should remand this Action to the State Court in accordance with Yourway's agreements.

**III. Yourway Should Be Equitably Estopped from Removing this Action.**

28. The Court should also remand the Action to the State Court under the doctrine of equitable estoppel. "Parties claiming equitable estoppel must establish that (1) a representation of fact was made to them, (2) upon which they had a right to rely, and (3) the denial of the represented fact by the party making the representation would result in injury to the relying party." *Wheeling–Pittsburgh Steel Corp. v. McCune*, 836 F.2d 153, 162-63 (3d Cir.1987).

29. All three elements of equitable estoppel are met here. *First*, Yourway represented to Vincerx in the Stipulation Emails and in the Stipulation and Remand Order that it would litigate the Action in the State Court notwithstanding its purported defense under the Carmack Amendment. *See* Ex. 5 pp. 1-2.

30. *Second*, Vincerx was entitled to rely on Yourway's representation because Yourway stipulated to remand the Action to the State Court and further stipulated to *plead* in response to the Amended Complaint in the State Court. *See* Exs. 6 & 7. Those stipulations were signed by Yourway's counsel and submitted with proposed forms of order that were entered by this Court and the State Court, respectively. *See id.*; *see also* D.I. 1-1 (attaching record from State Court).

31. *Finally*, Vincerx has been injured, and continues to be injured, by Yourway's denial of its representation that it would litigate the Action in the State Court. Notwithstanding that Yourway first raised the Carmack Amendment in the Stipulation Emails on November 15, Yourway now claims that it "became aware of Plaintiff's intent to bring a claim under the Carmack Amendment and, by extension the existence of a federal question, upon Plaintiff's forwarding a proposed Amended Complaint on November 27, 2023." D.I. 1 ¶ 16. That statement is belied by the Parties' discussions and Yourway's statements in the Stipulation Emails. Vincerx's injuries as a result of Yourway's conduct include, at a minimum, the delay and expense caused by Yourway's successive removals. *See* Ex. 5 pp. 1-2.

32. The Court should therefore remand the Action to the State Court on the grounds of equitable estoppel.

## IV. Yourway Cannot Meet Its Burden to Establish that Removal Is Timely.

33. Yourway admitted in the Stipulation Emails (Ex. 5) that it ascertained a purported federal question when it was served with the Original Complaint on September 16, 2023. Yourway's filing of the Second Removal Notice on December 21, 2023—over 3 months later—was untimely under 28 U.S.C. § 1446(b)(1).

34. Section 1446(b)(1) provides that:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days

> after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).

35. Section 1446(b) "expressly forbid[s] untimely removals." *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 209 (3d Cir. 2014). Knowing this, Yourway mistakenly relies on Section 1446(b)(3) in an attempt to justify its untimely removal. *See* D.I. 1 ¶ 16.

36. Section 1446(b)(3) "is an exception to" subsection (b)(1) and applies only if the initial pleading did not give the defendant notice of removability. *See A.S. ex rel. Miller*, 769 F.3d at 208-09; *see also Scearce v. 3M Co.*, 2013 WL 2156060, at *5 (D.N.J. May 16, 2013) ("[T]he 30–day clock began ticking…when removability was first ascertainable." (internal quotation marks omitted)). Section 1446(b)(3) provides that:

> ***if the case stated by the initial pleading is not removable***, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it ***may first be ascertained*** that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3) (emphasis added).

37. Yourway's deadline to file any notice of removal was no later than October 16, 2023 (*i.e.*, thirty days after it was served with the Original Complaint) and the Second Removal Notice on December 21, 2023 was untimely and should be remanded. *See* Ex. 2. Yourway has the burden to demonstrate "what it was about

the content of [the Amended Complaint] that made its federal defense now ascertainable for the first time." *Mims v. 84 Lumber Co.*, 2013 WL 4775306, at *7 (D. Del. Sept. 6, 2013), *report and recommendation adopted*, *Mims II*, 2013 WL 6571816. Yourway cannot satisfy that burden because (i) Yourway admitted in the Stipulation Emails that it ascertained its purported basis for removability before the Original Complaint was amended; and (ii) Yourway's Second Notice of Removal demonstrates that any perceived removability was ascertainable from the Original Complaint.

38. Yourway conceded that it had, in fact, ascertained the basis for the purported removability of this Action based solely on facts raised in the Original Complaint. Specifically, Yourway stated that it intended to assert a defense to Vincerx's state-law claims under the Carmack Amendment on November 15, 2023 in response to Vincerx's motion to remand in the First Removal Action. *See* Ex. 5 p. 2. Specifically, when Vincerx asked for Yourway's position in response to the motion to remand in the First Removal Action, Yourway responded that, "[i]t deals with the Carmack amendment," while noting that it could "still raise the defense in Superior Court." *Id.* When pressed further by Vincerx, Yourway further acknowledged that its purported defense "***results in a federal question***" but nonetheless agreed to remand the Action to the State Court. *Id.* at p. 1 (emphasis added). The Stipulation Emails belie any argument that Yourway could not ascertain

its purported basis for removal in the Second Removal Notice under the Carmack Amendment because Yourway raised that exact argument before it knew that Vincerx would amend the Original Complaint.

39. The Second Removal Notice further underscores that Yourway's purported basis for removability was ascertainable in the Original Complaint. The Second Notice of Removal recites the same alleged facts present in the Original Complaint that Yourway cited in the First Removal Notice. *Compare* Ex. 4 (First Notice of Removal) ¶ 4, *with* D.I. 1 ¶ 4. The only new allegation Yourway cites in the Second Notice of Removal is in paragraph 98 which alleges that damages were no less than $1.8 million, but that fact was ascertainable to Yourway too because it was stated in the First Notice of Removal. *See* Ex. 4 ¶ 4(d);[2] *Compare* D.I. 1 (citing Am. Compl. ¶¶ 2-3, 5, 7-9, 11), *with* Ex. 8 ¶¶ 2-3, 5, 7-9, 11 (showing no changes to those paragraphs from the Original Complaint). The Second Removal Notice does not point to any new facts alleged in the Amended Complaint that support its purported basis for removability.

40. Vincerx amended the Original Complaint to add an alternative count under the Carmack Amendment in the event that a court determines that Vincerx's

---

2 The Original Complaint also alleged, among other things, that "Vincerx spent millions of dollars to maintain and use the Cell Banks." *See* Ex. 8 ¶ 27; *see also id.* ¶ 40 ("Vincerx's materials, including the Cell Banks, cost millions of dollars to create and develop.").

state-law claims are preempted in response to a purported defense raised by Yourway on November 15 (which defense Vincerx disputes). *See* Ex. 5 p. 2; Ex. 8 ¶ 93. However, the alleged facts relied upon by Yourway have not changed in the Amended Complaint and Yourway cannot meet its burden to establish to establish that removal was timely. Even if the state-law claims are preempted, the State Court has concurrent jurisdiction to resolve claims under the Carmack Amendment. *See* 49 U.S.C. § 14706(d). The Court should therefore remand the Action to State Court.

## V. The Court Should Award Vincerx's Costs and Fees Because of Yourway's Improper Removal.

41. The Court should require Yourway to pay Vincerx's reasonable costs and expenses, including attorneys' fees, as a result of Yourway's improper removal as well as in the First Removal Action. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."); *Base10 Genetics, Inc., v. AGEMO Holdings, LLC*, 2023 WL 8716832, at *3-4 (D. Del. Dec. 18, 2023) (awarding attorneys' fees and costs for improper removal where defendants made misleading statements to the Court and made claims for diversity jurisdiction that were "objectively unreasonable").

42. Yourway has acted in bad faith and utter disregard of multiple agreements, including Court-ordered stipulations. As discussed above, Yourway has twice breached the unambiguous exclusive venue provision in the Agreement, and

twice ignored its waiver of objections to venue in Delaware state courts. Both the First Removal and the Second Removal are contrary to clear precedent from the Third Circuit and this Court barring removal. And when Vincerx pointed this out the first time around, Yourway agreed to remand the Action to the State Court, in part, based on Vincerx's agreement to withdraw its request for fees and expenses in the First Removal Action and assert a Carmack Amendment claim in the State Court. Yourway then agreed that it "shall plead" in response to the Amended Complaint in State Court, only to turn around and file a second improper removal instead. Moreover, Yourway knew of its purported basis for removal before it agreed to the remand—contrary to representations made to the Court in the Second Notice of Removal—and then filed this untimely second removal. Yourway's bad faith litigation tactics have needlessly delayed this case to Vincerx's detriment and wasted judicial resources at the state and federal level. Sanctions are appropriate.

43. The Court should therefore Order Yourway to pay Vincerx's reasonable costs, expenses, and attorneys' fees incurred by Vincerx in the First Removal Action and in responding to Yourway's improper Second Removal, including costs and fees incurred in connection with this motion.

## CONCLUSION

WHEREFORE, Vincerx respectfully requests that the Court remand this action to the Superior Court, award Vincerx its reasonable costs and attorneys' fees, and grant Vincerx such other relief as is just and appropriate.

Date: January 19, 2024

**MELUNEY ALLEMAN & SPENCE, LLC**

*/s/ Matthew D. Beebe*

Sean A. Meluney (#5514)
William M. Alleman, Jr. (#5449)
Matthew D. Beebe (#5980)
1143 Savannah Rd., Suite 3-A
Lewes, DE 19958
(302) 551-6740
sean.meluney@maslawde.com
bill.alleman@maslawde.com
matt.beebe@maslawde.com

*Counsel to Plaintiff*

# WORD COUNT CERTIFICATION

The undersigned counsel hereby certifies that the foregoing document contains 4,303 words, which were counted by using the word count feature in Microsoft Word, in 14-pt Times New Roman font. The word count includes only the body of the motion inclusive of any footnotes and headings. The word count does not include the caption, title, or the counsel blocks.

*/s/ Matthew D. Beebe*

Matthew D. Beebe (#5980)